POLAR BEAR PRODUCTIONS, INC., a Montana corporation, Plaintiff–Appellant,

v.

TIMEX CORPORATION; Does 1–10, Defendants–Appellees.

No. 05–35811.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2007.

Filed July 31, 2007.

* This disposition is not appropriate for publication and is not precedent except as provided

Robert C. Lukes, Esq., Garlington Lohn & Robinson, PLLP, Missoula, MT, for Plaintiff–Appellant.

Ronald A. Bender, Esq., Worden, Thane and Haines, P.C., Missoula, MT, John P. Margiotta, Esq., Fross Zelnick Lehrman & Zissu, PC, New York, NY, for Defendants–Appellees.

Before: O'SCANNLAIN, TASHIMA, and BERZON, Circuit Judges.

MEMORANDUM *

Plaintiff Polar Bear Productions, Inc. ("Polar Bear") appeals the grant of defendant Timex Corporation's ("Timex") "Motion to Strike New Claims and Previously Prohibited Evidence from the Proposed Final Pretrial Order for Third Trial," as well as the consequent grant of summary judgment in favor of Timex. Polar Bear

by 9th Cir. R. 36–3.

argues that the district court erred in concluding that Polar Bear had not pleaded a claim for common law trademark infringement.[1]

The district court had jurisdiction over pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338, and 1367(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

 The district court did not abuse its discretion in its grant of Timex's motion to strike. *See Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.,* 397 F.3d 1217, 1224 n. 4 (9th Cir.2005). Polar Bear specifically and repeatedly asserted statutory trademark infringement claims in its pleadings and other pretrial filings that spanned more than four years of litigation, yet failed to articulate any legal theory of a common law trademark claim until the third and final proposed pretrial order. Even under liberal pleading standards, Timex is unquestionably entitled to some notice of Polar Bear's claims. *See Eagle v. Am. Tel. & Tel. Co.,* 769 F.2d 541, 548 (9th Cir.1985); *Jones v. Cmty. Redev. Agency,* 733 F.2d 646, 649 (9th Cir.1984); Fed. R.Civ.P. 8(a). It received none prior to the attempted expansion of the trademark claim in the third proposed pretrial order. We agree with the district court that Polar Bear's protestations that it has all along implicitly asserted a common law trademark claim are disingenuous. Moreover, to the extent that the district court construed Polar Bear's argument as seeking leave to amend the complaint or the final pretrial order, the district court did not abuse its discretion in refusing permission to add a new legal theory after four years of litigation. *See Galdamez v. Potter,* 415 F.3d 1015, 1020 (9th Cir.2005); *Brother Records, Inc. v. Jardine,* 318 F.3d 900, 911 (9th Cir.2003); Fed.R.Civ.P. 15(a), 16(e).

**AFFIRMED.**

BERZON, Circuit Judge, dissenting:

I dissent.

As I read the record, the district court understood the Montana common law trademark claim to be part of the lawsuit as of at least May 2002, when the court repeatedly referred to such a claim during the summary judgment hearing. Accordingly, the district court's subsequent refusal to allow an amendment on the ground that the common law trademark claim was new constitutes an abuse of discretion. *See Brother Records, Inc. v. Jardine,* 318 F.3d 900, 911 (9th Cir.2003).

1. Because the parties are familiar with the factual and procedural background of this case, we do not recite it here except as necessary to aid in understanding this disposition.

